NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MATTHEW R., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, D.M., *Appellees*.

No. 1 CA-JV 21-0044
FILED 10-26-2021

Appeal from the Superior Court in Maricopa County
No. JD533509
The Honorable David K. Udall, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Thomas Jose
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

---

**W E I N Z W E I G**, Judge:

**¶1**         Matthew R. ("Father") challenges the juvenile court's order designating D.M. dependent.  Because we discern no error, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         Father and Larinique M. ("Mother") are the biological parents of D.M., born in January 2005.  They never married.  In 2011, the superior court approved a stipulated parenting plan in which Mother and Father agreed to evenly divide parenting time and legal decision-making.  For most of his life, however, D.M. lived with his Mother and her family.  D.M. saw Father "once every year or year and a half."

**¶3**         Mother died in 2020.  Father invited D.M. to live with him in Idaho.  D.M. declined, choosing to stay in Arizona and live with his maternal grandmother.  Maternal grandmother then petitioned to find D.M. dependent as to Father and asked to be appointed D.M.'s guardian. DCS filed a substitute dependency petition on grounds of neglect, alleging: "Father has neglected the child by failing to provide for the child's needs and providing parental care and supervision.  Father has not had any contact with [D.M.] in at least one year.  Father has not provided any financial support for the child."

**¶4**         The court held a contested dependency hearing in January 2021, where it learned that Father had provided no financial support to D.M. since April 2020 (when Father's child support wage garnishment expired), and Father had minimal contact with D.M. from April 2020 to January 2021 (3.5 hours on telephone and 55 text messages).  The court found D.M. dependent as to Father on grounds of neglect, concluding the "allegations of the petition are true by a preponderance of the evidence," adding "[t]he factual basis is father's failure to maintain a normal parental relationship with the child."  Father timely appeals.  We have jurisdiction. *See* A.R.S. §§ 8-235 and 12-120.21(A)(1).

## DISCUSSION

**¶5**        A "dependent child" is defined as a child who needs "proper and effective parental care and control," but "has no parent or guardian willing to exercise or capable of exercising such care and control." A.R.S. § 8-201(15)(a)(i).  Our primary concern in a dependency adjudication is the child's best interest. *Joelle M. v. Dep't of Child Safety*, 245 Ariz. 525, 527, ¶ 10 (App. 2018).  We review the superior court's dependency order for an abuse of discretion, accepting its findings of fact unless clearly erroneous, and will affirm unless the order is unsupported by reasonable evidence. *Id.* at ¶ 9.

**¶6**        Father contends the juvenile court did not include sufficient factual findings in its dependency order.  To ensure an effective and appropriate review of dependency proceedings on appeal, the juvenile court must "[s]et forth specific findings of fact in support of a finding of dependency," either in a signed order or minute entry.  Ariz. R.P. Juv. Ct. 55(E)(3); A.R.S. § 8-844(C)(1)(a)(ii) (juvenile court must provide "[t]he factual basis for the dependency").

**¶7**        Because we discern no error, we affirm.  In its dependency order, the court found the petition's allegations were true by a preponderance of the evidence, including that (1) "Father has neglected the child by failing to provide for the child's needs and providing parental care and supervision," (2) "Father has not had any contact with [D.M.] in at least one year," and (3) "Father has not provided any financial support for the child."  These findings support a dependency adjudication. *See* A.R.S. § 8-201(15)(a)(i).

## CONCLUSION

**¶8**        We affirm.

